UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NEGIN NASIRI KENARI,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No.:  3:25-cv-01959-JES-MSB

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**[ECF No. 17]**

Before the Court is Defendant United States of America's motion to dismiss Plaintiff Negin Nasiri Kenari's ("Plaintiff") second amended complaint ("SAC"). ECF No. 17 ("Mot."). Plaintiff filed an opposition. ECF No. 18. For the reasons stated below, the Court **GRANTS** the motion to dismiss without prejudice.

## I.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she was previously involved in a personal relationship with Lieutenant Jacob Conrad ("Lt. Conrad") that ended in approximately November 2020. SAC at 1-2. Lt. Conrad was affiliated with the United States Navy. *Id.* at 1. After the relationship ended, Lt. Conrad continued attempting to contact Plaintiff through social media and other communication channels until Plaintiff blocked him beginning in

1

approximately late 2020 and continuing into 2021. *Id.* at 2. During that time Plaintiff experienced "professional disruption" at her workplace, Walgreens Pharmacy, where she was employed as a pharmacist. *Id.* Also, during that time, Plaintiff experienced inappropriate conduct by a supervisor, including romantic advances and unwanted touching. *Id.* After reporting the conduct, Plaintiff was transferred to a different store location. *Id.*

In January 2024, shortly after Plaintiff's engagement ended, she received a text message from Lt. Conrad asking whether Plaintiff was still getting married. *Id.* At the time of the text message, Plaintiff had not communicated with Lt. Conrad for more than one year. *Id.* At some point after the text message, Plaintiff moved to a residence in downtown San Diego and experienced "repeated disruptions in her residential environment, health symptoms, and other unusual occurrences." *Id.* Beginning in approximately July 2024, Plaintiff experienced health problems, including severe headaches, fatigue, abdominal discomfort, and worsening symptoms of fibromyalgia. *Id.* During the same period, Plaintiff also experienced difficulty accessing her financial accounts and noticed disturbances in her residential environment, including elevator and hot water issues. *Id.*

On August 5, 2024, Plaintiff contacted a former acquaintance, Navy Lieutenant Yousef Ahmed ("Lt. Ahmed") and described the events she had been experiencing. *Id.* During the communication, Lt. Ahmed stated that he was "sorry people are treating you poorly," that "a lot of folks take advantage of others," and advised Plaintiff to "avoid men in the military." *Id.* On July 25, 2025, Lt. Ahmed advised Plaintiff to seek legal advice from a military attorney and told Plaintiff, "the military can be very unfair." *Id.* at 3. During the same period, Plaintiff began receiving negative performance reviews from her employer that Plaintiff believed to be inaccurate and inconsistent with her work performance. *Id.*

In early August 2024, while waiting for an elevator in her residential building, Plaintiff met an individual named Robert Radulescu ("Radulescu"), who stated he was an attorney and spoke briefly with Plaintiff. During the elevator conversation, Radulescu

suggested that Plaintiff should meet his girlfriend, Baharan, since they were both of Iranian descent. *Id.* Plaintiff later spoke with Radulescu and Baharan and during the conversation Plaintiff mentioned that her grandmother was ill and had recently been diagnosed with cancer. *Id.* When Baharan asked what type of cancer it was, Radulescu responded "lymphoma" before Plaintiff could respond. *Id.* Plaintiff had just learned of the lymphoma diagnosis the evening prior to meeting with Radulescu and Baharan and had not previously discussed the specific diagnosis with them. *Id.*

Plaintiff states that she brings this action under the Federal Tort Claims Act for three causes of action against the United States: (1) negligence; (2) invasion of privacy; and (3) intentional infliction of emotional distress. *Id.* at 4-6.

## II.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining

whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

**B. Federal Rule of Civil Procedure 8**

Under FRCP 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a pro se plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-33 (9th Cir. 2008).

A district court may dismiss an entire complaint for lack of clarity when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Such a dismissal is appropriate where a complaint's "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may also dismiss a complaint in which "'each count … adopts the allegations of fact are intended to support which claim(s) for relief.'" *Ewing v. Freedom Forever, LLC*, No.: 23-CV-1240 JLS (AHG), 2024 WL 221777, at *4 (S.D. Cal. Jan. 19, 2024) (quoting *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014)).

//

//

//

3:25-cv-01959-JES-MSB

## III.     DISCUSSION

The SAC fails to comply with FRCP 8, which requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Specifically, a complaint must allege sufficient facts to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

Here, Plaintiff fails to allege any facts that were committed by any employee or agent of the United States. The SAC consists of broad and conclusory assertions that appear to allege a broad conspiracy to interfere with Plaintiff's career and health by Lt. Conrad. However, Plaintiff does not allege that Lt. Conrad personally committed any act that would support any of the causes of action alleged. Plaintiff fails to allege how Lt. Conrad was responsible for the "inappropriate conduct …, including romantic advances and unwanted touching," by a supervisor at Walgreens. *See generally* SAC at 2. Further, Plaintiff fails to allege how Lt. Conrad was plausibly responsible for the "repeated disruptions in her residential environment [and] health symptoms." *Id.* Plaintiff fails to plausibly allege that Lt. Conrad was responsible for her difficulty accessing her financial accounts or the negative performance reviews from her employer. *See Id.*

Additionally, Plaintiff does not allege that an employee or agent of the United States committed a negligent act, an invasion of privacy or committed any conduct that caused intentional infliction of emotional distress. The SAC is severely lacking in any plausible theory of liability that would justify any cause of action against the United States. This is most obvious in Plaintiff's comments on page four of the complaint in which she states, "Plaintiff is currently pursuing [] administrative channels to obtain records that may clarify the events described in this complaint," and that "Plaintiff does not yet have access to all information regarding individuals or actions that caused these events." SAC at 4. Plaintiff must allege facts that show a plausible claim for relief. *Twombly*, 550 U.S. at 556. Specifically, Plaintiff must allege facts that show an employee or agent of the United States committed any of the listed causes of action. Additionally, Plaintiff fails to allege that any

actions committed by an employee or agent of the United States was committed in the course of their employment. As pled, the SAC fails to provide Defendant fair notice of the claims against it and the Court **GRANTS** the motion to dismiss the SAC under FRCP 8.

Defendant also argues that Plaintiff's claim of negligent supervision is barred by the discretionary function exception in the FTCA. Mot. at 4. The complaint is so lacking any specific allegations; it is difficult for the Court to assess the nature of Plaintiff's claims. Therefore, at this point, the Cout declines to address the discretionary function exception in the FTCA.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to dismiss the SAC with leave to amend. The Court grants Plaintiff one final opportunity to file an amended complaint. In the event that Plaintiff elects to file an amended complaint, she must do so within **thirty (30) days** of this Order. Any amended complaint must be complete in itself, without reference to any prior complaints. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). The Court cautions Plaintiff that failure to file an amended complaint will result in dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated:  July 8, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge