UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEGIN NASIRI KENARI,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>Defendant. | Case No.: 25-cv-01959-JES-MSB<br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT;**<br>**(2) DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS; and**<br>**(3) DENYING AS MOOT MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br>**[ECF Nos. 25, 31, 34, 37]** |

Before the Court are four motions filed by Plaintiff Negin Nasiri Kenari ("Plaintiff"), proceeding pro se: (1) a Motion to File Documents Under Seal (ECF No. 25); (2) an Ex Parte Motion for Extension of Time to File Response (ECF No. 31); (3) a second Motion to File Documents Under Seal (ECF No. 34); and (4) a Motion for Leave to File a Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (ECF No. 37). For the reasons set forth below, the Court **DENIES** the Motion for Leave to File a Fourth

Amended Complaint and **DENIES AS MOOT** the Motion for Extension of Time to File Response to the Motion to Dismiss and the Motions to Seal.

## I. BACKGROUND

On July 8, 2026, the Court granted Defendant United States of America's ("Defendant") motion to dismiss Plaintiff's Second Amended Complaint ("SAC") without prejudice for failure to comply with Federal Rule of Civil Procedure 8 ("July 8 Order"). ECF No. 22. In granting dismissal, the Court expressly afforded Plaintiff "one final opportunity to file an amended complaint" and directed that any such amended complaint be filed within thirty (30) days. *Id.* at 6. The Court further cautioned Plaintiff that "failure to file an amended complaint w[ould] result in dismissal of this case with prejudice." *Id.*

Plaintiff thereafter filed a Third Amended Complaint ("TAC"), now the operative pleading. ECF No. 24. Defendant subsequently moved to dismiss the TAC, and that motion remains pending before the Court. ECF No. 30. Plaintiff now moves for leave to file a proposed Fourth Amended Complaint, which Plaintiff represents reorganizes the factual allegations chronologically, adds factual specificity concerning the alleged role of Lieutenant Jacob Conrad, clarifies Plaintiff's theory of federal employment, and "directly addresses the pleading deficiencies identified by Defendant in its pending Motion to Dismiss." Mot. at 1-2. Plaintiff also moves to seal Exhibit A to the proposed Fourth Amended Complaint, a brain MRI report, based on it containing sensitive personal medical information. ECF No. 34.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, once amendment as a matter of course is no longer available, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Leave to amend is nonetheless not automatic. Courts weigh several factors in deciding whether justice requires leave to amend, including: (1) undue delay; (2) bad faith or dilatory

motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Not all of these factors merit equal weight. *Id*. But prejudice to the opposing party carries the greatest weight, but a district court's discretion to deny leave is particularly broad where a plaintiff has previously amended the complaint. *Id*.; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). A history of amendment without curing the deficiencies previously identified by the Court, standing alone, is sufficient grounds to deny further leave. *Zucco Partners, LLC*, 552 F.3d at 1007-08.

## III. DISCUSSION

### A. Motion for Leave to File Fourth Amended Complaint

The Court will deny Plaintiff's motion. Plaintiff has already amended her pleading three times, most recently after the Court expressly warned Plaintiff, upon dismissing the SAC, that she would receive only "one final opportunity to file an amended complaint" and that failure to cure the pleading's deficiencies would result in dismissal with prejudice. ECF No. 22 at 6. That admonition was not incidental. It reflected the Court's considered judgment, after two prior rounds of amendment, that Plaintiff would be given a single further chance to state a plausible claim, not an open-ended license to keep revising her pleading each time Defendant identifies additional deficiencies.

Permitting a fourth amendment now, before the Court has even ruled on Defendant's pending motion to dismiss the TAC, would be inconsistent with that clear directive and would effectively convert the Court's "final opportunity" into an unlimited one.

Granting leave under these circumstances would also impose undue prejudice on Defendant. Defendant has already prepared and filed a motion to dismiss the SAC and a further motion to dismiss the TAC. ECF Nos. 17, 30. Requiring Defendant to abandon its pending, fully briefed motion and expend additional time and resources analyzing a new pleading and preparing yet another dispositive motion, would impose exactly the kind of

repeated, piecemeal litigation burden that Rule 15 is not intended to permit. *See Zucco Partners, LLC*, 552 F.3d at 1007-08. Fundamental fairness to Defendant, and the orderly and efficient management of this docket, counsel against allowing Plaintiff to sidestep a pending, ripe motion to dismiss by filing successive amended pleadings whenever a new deficiency is identified.

The Court, accordingly, **DENIES** Plaintiff's Motion for Leave to File a Fourth Amended Complaint. The TAC remains the operative pleading, and Defendant's pending motion to dismiss the TAC remains under submission before the Court.

**B. Motion for Extension of Time to File Response to the Motion to Dismiss**

On August 31, 2026, Plaintiff filed a motion for an extension of time to file a response to Defendant's motion to dismiss. ECF No. 31. On September 16, 2026, Plaintiff filed an opposition to Defendant's motion to dismiss. ECF No. 32. Since Plaintiff has already filed an opposition, Plaintiff's motion for an extension of time to file a response to Defendant's motion to dismiss is **DENIED AS MOOT**.

**C. Motion to Seal Exhibit A**

Because the Court denies Plaintiff leave to file the proposed Fourth Amended Complaint, the Motions to Seal are, therefore, **DENIED AS MOOT**.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Leave to File a Fourth Amended Complaint, and **DENIES AS MOOT** Plaintiff's Motions to Seal and Plaintiff's Motion for an Extension of Time to File Response to Defendant's Motion to Dismiss. The Clerk of Court is **DIRECTED** to **STRIKE** ECF Nos. 33, 36 from the docket.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Honorable James E. Simmons Jr.
United States District Judge